IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRAGMATUS AV, LLC,                        )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )    C.A. No. _____
                                          )
AVAYA, INC,                               )    JURY TRIAL DEMANDED
                                          )
                                          )
                                          )
                    Defendants            )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pragmatus AV, LLC ("Pragmatus"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, alleges as follows against Defendant Avaya, Inc.:

## INTRODUCTION

1.)     This action is brought by Pragmatus against Avaya, Inc. ("Avaya" or "the Defendant") for Defendant's infringement of Pragmatus's patents.  In particular, Pragmatus seeks remedies for Defendant's infringement of U.S. Patent Nos. 6,237,025 ("the 025 Patent"), 6,351,762 ("the '762 Patent"), 7,185,054 ("the '054 Patent"), 5,896,500 ("the '500 Patent"), and 5,854,893 ("the '893 Patent") (collectively, "the patents-in-suit").

2.)     Each of the patents-in-suit is directed towards collaboration and video conferencing technology, including contact lists, video calling, video chat, text-based chat and other types of communications.

3.)     Each of the patents-in-suit is critical to collaboration and video conferencing and has previously been licensed to major collaboration and video conference providers.

4.)     For example, Polycom was granted a license to the patents-in-suit for a Twenty

Seven Million Five Hundred Thousand Dollars ($27,500,000.00) payment and a broad cross

license agreement as described in the Avistar 10K report attached hereto as Exhibit A.

5.)     Further, Tandberg was granted a license to the patents-in-suit for a Twelve

Million Dollar ($12,000,000.00) payment and a broad cross license agreement as described in the

Avistar 10K report attached hereto as Exhibit A.

6.)     Each of the patents-in-suit has been subject to an extensive reexamination request

in the United States Patent and Trademark Office.

7.)     The '025, '762, '054, and '500 Patent reexamination requests were denied by the

United States Patent and Trademark Office.

8.)     The '893 Patent reexamination request was accepted resulting in claims 1-22

being allowed.

## PARTIES

9.)     Plaintiff Pragmatus is incorporated under the law of the Commonwealth of

Virginia and has its principal place of business at 601 King Street, Alexandria, VA 22314.

10.)    Pragmatus is informed and believes that Defendant Avaya is a Delaware

corporation and Avaya has a principal place of business at 211 Mount Airy Road, Basking

Ridge, NJ 07920. Pragmatus is informed and believes Defendant Avaya may be served with

process by serving its registered agent, Corporation Service Company, 2711 Centerville Road

Suite 400, Wilmington DE, 19808.

11.)    Pragmatus is informed and believes that Defendant Avaya offers

videoconferencing services, software and equipment to customers including its videoconference

systems (e.g., the 1010, 1020, 1030, 1040, 1050, A175, among others).

12.)     Pragmatus is informed and believes that Defendant Avaya designed, made or had made on its behalf, and placed infringing products and/or services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or services were located within this judicial district.  Pragmatus is informed and believes that Avaya sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

## JURSIDICTION

13.)     This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

## VENUE

14.)     Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Avaya has committed acts of infringement in this district and/or is deemed to reside and are incorporated in this district and have purposely availed themselves of the privileges and benefits of the laws of the State of Delaware.

15.)     This Court has personal jurisdiction over Avaya because, among other things, Avaya has committed, aided, abetted, contributed, to and/or participated in the commission of acts giving rise to this action within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Avaya would not offend traditional notions of fair play and justice. Avaya designed, made or had made on its behalf, and placed infringing products and/or services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or services were located within this judicial district. Avaya sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

## THE PATENTS-IN-SUIT

16.)     Paragraphs 1-15 are reincorporated by reference as if fully set forth herein.

17.)     On May 22, 2001, the '025 Patent, titled "Multimedia Collaboration System" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '025 Patent is attached hereto as Exhibit B.

18.)     Pragmatus holds all right, title and interest in and to the '025 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

19.)     On February 26, 2002 the '762 Patent, titled "Method and System for Log-In-Based Video and Multimedia Calls" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '762 Patent is attached hereto as Exhibit C.

20.)     Pragmatus holds all right, title and interest in and to the '762 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

21.)     On February 27, 2007 the '054 Patent, titled "Participant Display and Selection in Video Conference Calls" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '054 Patent is attached hereto as Exhibit D.

22.)     Pragmatus holds all right, title and interest in and to the '054 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

23.)     On April 20, 1999 the '500 Patent, titled "System for Call Request which Results in First and Second Call Handle Defining Call State Consisting of Active or Hold for its Respective AV Device" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '500 Patent is attached hereto as Exhibit E.

24.)     Pragmatus holds all right, title and interest in and to the '500 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

25.) On December 29, 1998 the '893 Patent, titled "System for Teleconferencing in which Collaboration Types and Participants by Name or Icons are Selected by a Participant of the Teleconference" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '893 Patent is attached hereto as Exhibit F.

26.) Pragmatus holds all right, title and interest in and to the '893 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

## COUNT I

### (Infringement of United States Patent No. 6,237,025)

27.) Paragraphs 1-26 are incorporated by reference as if fully restated herein.

28.) Avaya has and continues to infringe directly one or more claims of the '025 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 33 of the '025 Patent, including at least by providing video conference services and products.

29.) Avaya has and continues to infringe indirectly one or more claims of the '025 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 33 of the '025 Patent, including at least users of Avaya video conference services and products. Avaya has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated October 31, 2011. Avaya's infringement is continuing. See, e.g., http://www.avaya.com/usa/

30.) As a result of Avaya's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT II

### (Infringement of United States Patent No. 6,351,762)

31.)     Paragraphs 1-26 are incorporated by reference as if fully restated herein.

32.)     Avaya has and continues to infringe directly one or more claims of the '762

Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at

least claim 11 of the '762 Patent, including at least by providing video conference services and

products.

33.)     Avaya has and continues to infringe indirectly one or more claims of the '762

Patent by inducing others to infringe and/or contributing to the infringement by others of at least

claim 11 of the '762 Patent, including at least users of Avaya video conference services and

products.  Avaya has notice and knowledge of its infringement at least via a notice letter sent by

Pragmatus, dated October 31, 2011.  Avaya's infringement is continuing. See, e.g.,

http://www.avaya.com/usa/

34.)     As a result of Avaya's acts of infringement, Pragmatus has suffered and will

continue to suffer damages in an amount to be proved at trial.

## COUNT III

### (Infringement of United States Patent No. 7,185,054)

35.)     Paragraphs 1-26 are incorporated by reference as if fully restated herein.

36.)     Avaya has and continues to infringe directly one or more claims of the '054

Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at

least claim 10 of the '054 Patent, including at least by providing video conference services and

products.

37.)    Avaya has and continues to infringe indirectly one or more claims of the '054 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 10 of the '054 Patent, including at least users of Avaya video conference services and products.  Avaya has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated October 31, 2011.  Avaya's infringement is continuing.  See, e.g., http://www.avaya.com/usa/

38.)    As a result of Avaya's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT IV

### (Infringement of United States Patent No. 5,896,500)

39.)    Paragraphs 1-26 are incorporated by reference as if fully restated herein.

40.)    Avaya has and continues to infringe directly one or more claims of the '500 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 11 of the '500 Patent, including at least by providing video conference services and products.

41.)    Avaya has and continues to infringe indirectly one or more claims of the '500 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 11 of the '500 Patent, including at least users of Avaya video conference services and products.  Avaya has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated October 31, 2011.  Avaya's infringement is continuing.  See, e.g., http://www.avaya.com/usa/

42.)    As a result of Avaya's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT V

### (Infringement of United States Patent No. 5,854,893)

43.)     Paragraphs 1-26 are incorporated by reference as if fully restated herein.

44.)     Avaya has and continues to infringe directly one or more claims of the '893

Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at

least claim 13 of the '893 Patent, including at least by providing video conference services and

products.

45.)     Avaya has and continues to infringe indirectly one or more claims of the '893

Patent by inducing others to infringe and/or contributing to the infringement by others of at least

claim 13 of the '893 Patent, including at least users of Avaya video conference services and

products.  Avaya has notice and knowledge of its infringement at least via a notice letter sent by

Pragmatus, dated October 31, 2011.  Avaya's infringement is continuing. See, e.g.,

http://www.avaya.com/usa/

46.)     As a result of Avaya's acts of infringement, Pragmatus has suffered and will

continue to suffer damages in an amount to be proved at trial.

### DEMAND FOR JURY TRIAL

Pragmatus hereby demands trial by jury on all claims and issues so triable

pursuant to Fed. R. Civ. Pro. 38(b).

### PRAYER FOR RELIEF

WHEREFORE, Pragmatus respectfully requests that this Court enter judgment against

Defendant Avaya as follows:

a.     for judgment that Avaya has infringed one or more claims of United States

Patent Nos. 6,237,025; 6,351,762; 5,854,893; 7,185,054; and 5,896,500;

      b.      that United States Patent Nos. 6,237,025, 6,351,762, 5,854,893, 7,185,054 and 5,896,500 are valid and enforceable;

      c.      for damages to be paid by Avaya adequate to compensate Pragmatus for their past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs and disbursements as justified under 35 U.S.C. § 284;

      d.      that this is an exceptional case and awarding Pragmatus its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

      e.   for such further relief at law or equity as the Court deems just and proper.


Dated: November 3, 2011             FARNAN LLP

                        By: /s/ Brian E. Farnan
                           Brian E. Farnan (Bar No. 4089)
                           919 North Market Street, 12th Floor
                           Wilmington, Delaware 19801
                           (302) 777-0300
                           (302) 777-0301 (Fax)
                           bfarnan@farnanlaw.com

                         Attorneys for Plaintiff
                         PRAGMATUS AV, LLC

Of Counsel:

Anthony Grillo
MARINO AND GRILLO
437 Midland Avenue
Wayne, PA 19087
Telephone: (610) 989-0143
Fax: (610) 549-2385
agrillo@marinogrillo.com